IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LORRAINE D. BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-06151-CV-SJ-ODS |
| | ) | |
| THE RESULTS COMPANIES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, (2) DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE,
AND (3) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE</u>

Pending are Defendant's Motion to Dismiss Plaintiff's Claims Under the Missouri Human Rights Act (Doc. #10), Plaintiff's Motion for Summary Judgment (Doc. #16), and Defendant's Motion to Strike Plaintiff's Motion (Doc. #17). For the following reasons, Defendant's motion to dismiss is granted, Plaintiff's motion for summary judgment is denied without prejudice, and Defendant's motion to strike is denied as moot.

## I. BACKGROUND

Plaintiff Lorraine Black, who is proceeding pro se, initiated this matter. In her Complaint, Plaintiff alleges claims against Defendant The Results Companies under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Missouri Human Rights Act ("MHRA"). Doc. #5, at 3-4. Defendant filed a motion to dismiss Plaintiff's claims under the MHRA. In response to Defendant's motion, Plaintiff filed a motion for summary judgment. Defendant then moved to strike Plaintiff's motion.

## II. DISCUSSION

### A. Defendant's Motion to Dismiss Plaintiff's MHRA Claims

Defendant moves to dismiss Plaintiff's MHRA claims because she failed to timely file charge of discrimination that satisfies the MHRA's statutory requirements, and she was never issued a notice of right to sue for her MHRA claims. As a general principle, before filing a lawsuit under the MHRA, a plaintiff must first exhaust administrative remedies by

timely filing an administrative complaint, and adjudicating the claim through the Missouri Commission on Human Rights ("MCHR") or obtaining a right-to-sue letter. *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citation omitted). "The doctrine of exhaustion of remedies is a jurisdictional requirement." *Id.*; Mo. Rev. Stat. § 213.075.1.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") (Doc. #5-1, at 3), and the EEOC issued a right to sue letter to her (Doc. #5-1, at 1). While that charge indicates it was dually filed with the MCHR, the charge was not signed or verified as required by Missouri law. Mo. Rev. Stat. § 213.075.1 (requiring a complainant to sign and file a verified complaint in writing); 8 C.S.R. § 60-2.025(2) (requiring every charge "be in writing, signed and verified by being sworn to before a notary public…."). Plaintiff was informed of this requirement in August 2018, when the MCHR sent her a letter stating an "electronic signatures do not satisfy the complaint-filing requirements," and the MHCR "need[s] a physical signature from [Plaintiff] on the complaint form before it can be considered filed with the MCHR." Doc. #16-1, at 1.

Plaintiff points to a charge she purportedly signed on October 9, 2018 (Doc. #16-1, at 2), but the charge is not verified, as required by Missouri law. And there is no indication the charge was filed with and accepted by the MCHR. In fact, on October 24, 2018, the MCHR terminated its proceedings. Doc. #16-1, at 3. Nonetheless, the MCHR did not issue Plaintiff a right to sue letter. *Id.* Because Plaintiff did not exhaust administrative remedies with regard to her MHRA claims, she cannot litigate those claims in court. *Alhalabi*, 300 S.W.3d at 524. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's MHRA claims.

### B.     Plaintiff's Motion for Summary Judgment

In response to Defendant's motion to dismiss, Plaintiff filed a motion for summary judgment.[1] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense…on which summary

---

[1] Plaintiff seeks summary judgment on her "claim that 2 U.S.C. 441e, violates my rights under the First Amendment." Doc. #16, at 1, 3. She also asks the Court to declare "2 U.S.C. 441e is unconstitutional…" *Id.* at 3. Plaintiff does not allege a First Amendment claim or cause of action under 2 U.S.C. § 441e, which pertains to foreign nationals' campaign contributions. Plaintiff cannot seek summary judgment on unalleged claims.

2

judgment is sought." Fed. R. Civ. P. 56(a).  When moving for summary judgment, the movant asserting a fact is genuinely undisputed must support that assertion by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  Inadmissible evidence may not be used to support a motion for summary judgment.  Fed. R. Civ. P. 56(c)(1)(B); *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (citation omitted). In addition, the Court's Local Rules require a party's brief in support of a summary judgment motion include "a concise statement of uncontroverted facts," and "[e]ach fact must be set forth in a separately numbered paragraph and supported in accordance with Fed. R. Civ. P. 56(c)."  L.R. 56.1(a).  The suggestions in support of a motion for summary judgment must also include the "applicable law."  L.R. 7.0(a).  Plaintiff's motion fails to comply with the Federal Rules of Civil Procedure and the Court's Local Rules.  For this reason, the Court denies Plaintiff's motion for summary judgment without prejudice.[2]

### C. Defendant's Motion to Strike

Defendant moved to strike Plaintiff's motion for summary judgment.  Because the Court is denying Plaintiff's motion for summary judgment, Defendant's motion is rendered moot.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's MHRA claims is granted, Plaintiff's motion for summary judgment is denied without prejudice, and Defendant's motion to strike Plaintiff's motion for summary judgment is denied as moot.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: January 22, 2019 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, SENIOR JUDGE<br>UNITED STATES DISTRICT COURT |

---

[2] Plaintiff's motion for summary judgment also asked for a "settlement hearing," but it is unclear what particular relief she seeks.  To the extent Plaintiff was seeking relief in the form of a "settlement hearing," that request is denied.