IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

LORRAINE D. BLACK,            )
                              )
         Plaintiff,           )
                              )
vs.                           )      Case No. 18-06151-CV-SJ-ODS
                              )
THE RESULTS COMPANIES,        )
                              )
         Defendant.           )

<u>ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION
FOR SANCTIONS, AND (2) DISMISSING PLAINTIFF'S CLAIMS</u>

Pending is Defendant's Motion for Sanctions. Doc. #43. For the following reasons, Defendant's motion is granted, and this matter is dismissed.

## I.   BACKGROUND

In October 2018, Plaintiff Lorraine Black, who is pro se, filed this lawsuit against Defendant The Results Companies, alleging claims under the Missouri Human Rights Act, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964. Doc. #5. The Court granted Defendant's motion to dismiss Plaintiff's Missouri Human Rights Act claims due to her failure to administratively exhaust the claims. Doc. #18. In the same Order, the Court denied Plaintiff's motion for summary judgment due to her failure to comply with the Federal Rules of Civil Procedure and the Court's Local Rules. *Id.*

In February 2019, the Court held a phone conference with Plaintiff and Defendant's counsel regarding Plaintiff's failure to comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Doc. #25. The Court directed Plaintiff to serve her Rule 26(a)(1) initial disclosures by no later than March 29, 2019. *Id.* The Court also warned Plaintiff that failing to comply with the Court's Order could result in sanctions, ranging from "being prohibited from calling witnesses and using documents at trial that were not included in her initial disclosures, to dismissal of this matter." *Id.* at 1 (citing Fed. R. Civ. P. 37).

In June 2019, the Court a second phone conference with Plaintiff and Defendant's counsel regarding Plaintiff's failure to fully and completely respond to Defendant's First Interrogatories, First Requests for Admission, and First Requests for Production of Documents. Docs. #34-35. The Court ordered Plaintiff to serve, by no later than July 3, 2019, "full and complete answers and responses to Defendant's First Interrogatories and Defendant's First Requests for Admission," "all documents responsive to Defendant's First Requests for Production of Documents," and "executed releases" for third party records. Doc. #35. Plaintiff was informed that her "failure to fully and completely comply" with the Court's Order would "result in the exclusion of any evidence at trial that she should have provided in her interrogatories answers and/or responsive documents she should have produced." *Id.* (citing Fed. R. Civ. P. 37(b)(2)(A)).

On August 7, 2019, the Court a third phone conference with Plaintiff and Defendant's counsel. This phone conference pertained to Plaintiff's failure to respond to Defendant's Requests for Production of Documents, her failure to respond to Defendant's Requests for Admission, and her failure to provide complete answers to Defendant's Interrogatories. Doc. #40, at 2. As a result of the phone conference, the Court directed Plaintiff to do the following:

> Regarding her responses to Defendant's First Requests for Production and her answers to Defendant's First Interrogatories, the Court provides Plaintiff one last chance to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders. By no later than August 21, 2019, Plaintiff shall serve supplemental answers to Defendant's First Interrogatories. Her supplemental answers must include all information requested by each interrogatory. Her answers shall be full, complete, and truthful. In addition, by no later than August 21, 2019, Plaintiff shall serve responses to Defendant's First Requests for Production. Plaintiff's responses, at a minimum, must specifically identify documents she has already produced or is contemporaneously producing to Defendant that are responsive to each request. To the extent Plaintiff has not produced all documents responsive to Defendant's First Requests for Production, Plaintiff shall produce all responsive documents to Defendant by no later than August 21, 2019.

*Id.* at 2-3. The Court notified Plaintiff her failure to comply with the Order would result in the matter being "dismissed without further notice." *Id.* at 3.

2

On August 26, 2019, Defendant filed the pending motion for sanctions seeking dismissal of this matter.  Doc. #43.  Defendant states "Plaintiff has not complied with the Court's Final Order, and has not provided any response to Defendant's First Request for Production of Documents."  *Id.* at 2.  On August 30, 2019, Plaintiff sent an email to the undersigned's staff, which, in its entirety, stated the following:

> Plaintiff is requesting a conference with the judge I have submitted information asked for by Defendants and the judge to the best of my knowledge while working Pro Se. acknowledgement on documents submitted I provided names and dates I Object and Dispute to Defendants racist input to Dismiss my case while experiencing on going race discrimination inhalation of second hand smoke working Pro Se. I have the rights to defend myself. And file on going cases withba discrimination history Racist behavior is not my fault. I have rights that are ignored with other and all cases listed. I Do Not have any further information to provide I have signed paperwork for the Defendants to receive what they need I Object and have followed the rules to the best of my knowledge Plaintiff Lorraine Black.

On September 3, 2019, the Court issued an Order acknowledging receipt of Plaintiff's email and directing her to respond to Defendant's motion by no later than September 9, 2019.  Doc. #44, at 2.  The Court pointed out that Plaintiff's email neither addressed whether she served responses to the First Requests for Production nor attached her responses to the Requests for Production of Documents.  *Id.* (citing Doc. #40, at 2-3).  The Court informed Plaintiff that if she did not timely respond to the motion, it would consider her email as the response.  *Id.*  The Court cautioned Plaintiff that if she solely relied on her email, the Court would be left with no choice but to dismiss this matter as a sanction for failing to fully and completely comply discovery.  *Id.*

On September 12, 2019, the Court received Plaintiff's "Objections and Disputes to Defendant's Unlawful Sanctions."  Doc. #45.[1]  Setting aside the ad hominem attacks on Defendant and the court system, Plaintiff contends she met "all date deadlines May 17, 2019[,] July 3, 2019[,] and August 21, 2019"; "submitted information on court order August 7, 2019"; "provided [her] entire life of information"; "submitted all document request [sic] to the best of [her] knowledge," and "submitted exhibits and documents."

---

[1] Plaintiff's filing was postmarked September 9, 2019.  Doc. #45-1.

3

*Id.* at 1-2. Also, in her response, Plaintiff purportedly cut and pasted her answers to Defendant's Interrogatories. *Id.* at 4-9.

On September 13, 2019, Defendant filed its reply. Doc. #46. Defendant confirms Plaintiff has never responded to its First Requests for Production of Documents and has not identified the documents she produced prior to or after the Court's August 7, 2019 Order. *Id.* at 2. Defendant's motion for sanctions is now fully briefed.

## II.   STANDARD

"If a party…fails to obey an order to provide or permit discovery…, the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include, but are not limited to, prohibiting a party from supporting her claims, designating facts as established, striking pleadings, and dismissing the action. Fed. R. Civ. P. 37(b)(2)(A). The sanction imposed "must be proportionate to the litigant's transgression." *Bergstrom v. Frascone*, 744 F.3d 571, 574-75 (8th Cir. 2014). If a party fails to comply with the Court's Order or the Federal Rules of Civil Procedure, "a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal may be considered as a sanction "only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Schoffstall v. Henderson*, 223 F.3d 818, 823-24 (8th Cir. 2000) (citation omitted); *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 266 (8th Cir. 1993).

In addition to the Court's authority to issue sanctions pursuant to Rule 37, "[f]ederal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citation omitted); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted). The Court's authority "includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186 (internal quotation and citation omitted).

4

## III. DISCUSSION

The Court held three phone conferences regarding Plaintiff's continued failures to comply with discovery and the Court's Orders. After each phone conference, the Court issued an Order detailing what was expected of Plaintiff. *See* Docs. #25, 35, 40. Additionally, each Order explained the potential consequences if Plaintiff failed to meet the Court's expectations. *Id.* As early as February 2019, Plaintiff knew her failure to comply with the Court's Orders and the Federal Rules of Civil Procedure could result in the dismissal of her claims. Doc. #25, at 1. More recently, in August 2019, the Court warned Plaintiff that her non-compliance with the Court's Order would result in this matter being dismissed without further notice. Doc. #20, at 3. Lastly, while the Court could have accepted Plaintiff's August 30, 2019 email as her response to Defendant motion for sanctions, the Court chose to give her another opportunity to address her failure to comply with the Court's Orders. *See* Doc. #44, at 2. In so doing, the Court told Plaintiff what must be included in her response to avoid dismissal of her claims. *Id.* Although she has been given ample time and numerous opportunities, there is nothing before the Court demonstrating Plaintiff served responses to Defendant's First Requests for Production of Documents.

Although she was given specific instructions on what she had to do and was informed of the potential consequences if she failed to do what was required, Plaintiff willfully chose to disregard and violate the Court's Orders and the Federal Rules of Civil Procedure. Plaintiff's choices were not without consequences. Discovery commenced in February 2019, but the Court has had to extend that deadline twice due to Plaintiff's failures to comply with discovery. Docs. #21, 23, 25, 28, 40. Also, given Plaintiff's repetitive disregard of the Court's Orders and the Federal Rules of Civil Procedure, the Court's ability to expeditiously dispose of this matter has been greatly hindered. Roughly seven months have passed, and Defendant has yet to receive Plaintiff's responses to its First Requests for Production of Documents. As a result, Defendant's ability to conduct discovery on Plaintiff's claims has been stalled and obstructed, prejudicing Defendant.

The Court is mindful of Plaintiff's pro se status. It is because of her pro se status that the Court granted her significant leniency and ample opportunities to comply with

discovery and the Court's Orders. But Plaintiff's pro se status does not excuse her from complying with the Court's Orders and the Federal Rules of Civil Procedure. *See Farnsworth v. City of Kan. City*, 863 F.2d 33, 34 (8th Cir. 1988) (affirming the district court's decision to dismiss the matter because the court gave the pro se litigants "meaningful notice of what was expected of them during the course of discovery, initially imposed less stringent sanctions when they failed to cooperate, and warned them that their failure to comply with subsequent orders would result in dismissal of their action.").

Plaintiff's intentional disregard of the Court's Orders and Federal Rules of Civil Procedure are serious transgressions. Further, Plaintiff has known since at least February 2019 that if she chose to disregard the Court's Orders and the Federal Rules of Civil Procedure, her lawsuit could be dismissed. Although she continually disregarded and ignored the Court's Orders, it recently directed her to file a response to the pending motion and specifically told her what was required to avoid dismissal of this matter. Once again, she decided to disregard to the Court's Order. Consequently, the Court finds dismissal of Plaintiff's claims is proportionate to her continued choice to disregard the Court and its rules. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming the district court's dismissal of the action as a sanction for the pro se plaintiff's "intentional disregard" of the "straightforward and relatively simply" discovery requirements) (citations omitted); *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (stating "the selection of a proper sanction, including dismissal, is entrusted to the sound discretion of the district court.") (citation omitted); *Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1208 (8th Cir. 1983) (finding the district court did not err in dismissing the lawsuit as a sanction). Accordingly, Defendant's motion for sanctions is granted.

If the Court finds a party failed to comply with its Orders, as it does here, it "must order the disobedient party…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Although Plaintiff's conduct in this matter is inexcusable and not justified, the Court finds the circumstances of his matter, including Plaintiff's pro se status, make such an award inappropriate.

## IV. CONCLUSION

For all the foregoing reasons, the Court grants Defendant's motion for sanctions, and dismisses this matter.

IT IS SO ORDERED.

DATE: September 16, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT